# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SUKHDEEP S. B.,[1]

     Petitioner,

     v.

KRISTI NOEM, et al.,

     Respondents.

No. 1:26-cv-00949-TLN-SCR

**ORDER**

This matter is before the Court on Petitioner Sukhdeep S. B.'s ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (ECF No. 1.) Respondents responded to the Court's Order to Show Cause as to why the Petition should not be granted. (ECF No. 10.) Petitioner did not reply. For the reasons set forth below, the Petition is GRANTED.

///

///

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

Petitioner is an Indian citizen and entered the United States without inspection around March 11, 2024.  (ECF No. 1 at 3.)  Petitioner was initially detained by immigration authorities, until they determined Petitioner was not a danger to the community or a flight risk and he was released on an Order of Release on Recognizance on March 12, 2024.  (*Id*. at 6; ECF No. 1-2 at 2.)  Upon his release, Petitioner applied for asylum and received employment authorization from the Government.  (ECF No. 1 at 6.)  Petitioner's immigration proceedings are ongoing and there is no final order of removal for Petitioner.  (*Id*. at 7.)

On September 22, 2025, Petitioner attended a routine U.S. Immigration and Customs Enforcement ("ICE") check-in and was detained by Respondents.  (*Id*.)  Petitioner was detained for over four months, during which Respondents did not provide him a bond hearing.  (*Id*.)

On February 3, 2026, Petitioner challenged the lawfulness of his civil detention through the Petition and a Motion for Temporary Restraining Order ("TRO").  (ECF Nos. 1, 6.)  On February 6, 2026, the Court found Petitioner was likely to succeed on his claims that his detention violated the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause and ordered Petitioner's release.  (ECF No. 8.)  The Court now considers the Petition on the merits.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

---

[2]    The facts are undisputed.

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner claims his detention violates the INA and the Fifth Amendment Due Process Clause.  (ECF No. 1 at 13.)  Respondents' response to the Petition amounts to a non-opposition; they submit there are no additional facts or legal arguments differentiating Petitioner's case from prior cases before this Court.  (ECF No. 10.)

A.  Violation of the INA

Under the INA, 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the Government has broad discretion whether to release or detain the individual.  *Id*.  Further, § 1226(a) provides several layers of review for an initial custody determination.  *Id*.  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id*. at 1202.  Conversely, 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.

This Court agrees with Petitioner that the text and legislative history of the INA demonstrates that § 1226(a) governs his detention, not § 1225(b)(2), and he is entitled to the process § 1226(a) requires, including a bond hearing.  Numerous courts in this Circuit, including this one, have repeatedly found that § 1225(b)(2) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States.  *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases).  Absent contrary controlling authority, this Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b)(2).  Petitioner is instead subject to § 1226(a) and is therefore entitled to the process that statute requires, including

3

a bond hearing at a minimum.  Yet, Respondents did not provide any hearing to Petitioner either pre- or post-detention over four months.  The Court accordingly finds Respondents violated Petitioner's statutory rights under the INA.

### B.  Fifth Amendment Due Process Clause

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### i.  Liberty Interest

As for the first step, the Court finds Petitioner has established a protectable liberty interest.  *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause").  "[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original)).  "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025).  To determine whether an individual's conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific

conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*." *R.D.T.M. v. Wofford*, No. 1:25-cv-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept 9, 2025).

Here, Petitioner gained a liberty interest in his continued freedom after he was released on an order of recognizance and no circumstances changed to warrant revocation of that order.  (ECF No. 1 at 14.)  Under *Morrisey*, this release implied a promise that he would not be re-detained, during the pendency of his immigration proceedings, if he abided by the terms of his release. Respondents do not contend that Petitioner violated the conditions of his release.  (*See generally* ECF No. 10.)  As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom.  *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).  Therefore, Petitioner had a liberty interest protected by due process.

### ii.   *Procedures Required*

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, the Court finds Petitioner has established his due process rights were violated.

First, Petitioner has a substantial private interest in remaining free from detention. Petitioner was out of custody from March 12, 2024 until September 22, 2025 when he checked-in with ICE for a routine appointment.  (ECF No. 1 at 6.)  For over a year, Petitioner built a life within the United States.  (*Id*.)  Petitioner was also pursuing an asylum claim during this period and the Government reinforced his liberty interest by granting him authorization to work.  (*Id*.) Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted

by his detention.  *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner did not receive any hearing, either pre- or post-deprivation.  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process.  *Zadvydas*, 533 U.S. at 690.  Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  Here, Petitioner is not subject to a final order of removal.

Here, Petitioner's immigration proceedings are still pending and there is no final order of removal.  Additionally, in 2024, immigration authorities determined that Petitioner was not a danger to the community or a flight risk, prior to his release.  (ECF No. 1 at 6.)  Petitioner's conduct of compliance over nearly two years of release only strengthened that finding.  Indeed, Petitioner was detained while appearing at an immigration appointment, which is evidence of his compliance with the conditions of his release.  Moreover, Respondents do not argue that Petitioner is a danger or flight risk.  (*See* ECF No. 10.)  Therefore, Respondents had no legitimate interest in detaining Petitioner.  Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high.  *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the Government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal.  *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  Notice and custody determination hearings are routine processes for Respondents.  Indeed, these are the very processes owed to Petitioner under § 1226(a).  Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal.  It is also less of a fiscal and administrative burden for the Government to return Petitioner home to await a determination on his immigration proceedings

6

than to continue to detain him. *See Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T]he Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

The Court finds that, under these circumstances, Respondents were required to provide notice and a pre-deprivation hearing. The United States Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." *Id.* at 129. Respondents have not provided any substantive opposition to the contrary. (*See* ECF No. 10.)

Respondents did not provide a pre- or post-deprivation hearing in over four months of detention. Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

//

IT IS SO ORDERED.

Date: April 6, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE